# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RODNEY W. MCCLANTON                                      PLAINTIFF

V.                      3:12CV00252 JLH/JTR

PAUL PAYMENT, Jailer,
Crittenden County Detention Facility, et al.                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

## INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Jonesboro Divisional Office
> 615 South Main, Room 312
> Jonesboro, Arkansas 72401

## I. Introduction

Plaintiff, Rodney W. McClanton, is a pretrial detainee in the Crittenden County Detention Center. In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) Plaintiff be allowed to proceed with

his excessive force and failure to protect claims against Defendants, in their individual capacities only; and (2) the claims raised against Defendants in their official capacities be dismissed, without prejudice.[1]

## II. Discussion

Plaintiff alleges that, on October 16, 2012, Defendants Payment, Nelson, and Brown used excessive force against him. *See* docket entries #2 and #4. Plaintiff also alleges that Defendant Bearden failed to protect him from the excessive force, and that he purposefully stood in front of a surveillance camera so that the incident could not be recorded. *Id.* The Court concludes, *for screening purposes only*, that Plaintiff has stated viable excessive force and failure to protect claims against these four Defendants in their individual capacities.

Plaintiff has also named each of the Defendants in their official capacities. A suit against county employees, in their official capacities, is actually a suit against the county itself. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. County*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

*of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). A county may not be held vicariously liable, in a § 1983 action, for the acts of its employees. *Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978). Instead, a county only may be held liable if an official policy, custom, or practice caused the plaintiff's injury. *Jenkins*, 557 F.3d at 632; *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006). Plaintiff has not made any such allegations. Thus, the claims against Defendants, in their official capacities, should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against Defendants, in their official capacities, be DISMISSED, WITHOUT PREJUDICE.

2. Plaintiff be allowed to PROCEED with his excessive force and failure to protect claims against Defendants in their individual capacities only.

3. Service be ordered on Defendants Payment, Nelson, Brown, and Bearden.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

Dated this 20th day of November, 2012.

                                                                   UNITED STATES MAGISTRATE JUDGE